UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISLAMIC SOCIETY OF GREATER
LANSING and NORTH AMERICAN
ISLAMIC TRUST,

      Plaintiffs,

v

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant.

USDC Case No. 1:26-cv-01564
Hon.

Magistrate Judge

Ingham County Circuit Court
Case No. 26-1238-CK
Hon. Wanda M. Stokes

---

**AMY V. DOUKOURE (P80461)**
**CAIR-MI LEGAL FUND**
Attorneys for Plaintiffs
1905 S. Haggerty Road, Suite 5
Canton, Michigan 48188
(248) 559-2247
adoukoure@cair.com

**CARY R. BERLIN (P64122)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

### STATE FARM'S NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company ("State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., removes the above action from the Ingham County Circuit Court to this Court, pursuant to 28 U.S.C. §1446, based upon the following grounds:

1. The above action was filed on March 10, 2026 in the Circuit Court for the County of Ingham, State of Michigan [Case No. 26-1238-CK] and is now pending in that Court. (Summons and Complaint, **Exhibit "A"**).

2. Process, consisting the Summons and Complaint (with a Jury Demand), were served upon State Farm's registered agent on April 27, 2026. (Copies of all process and pleadings served upon State Farm's registered agent are attached as **Exhibit "A;"** USPS Proof of

Delivery, **Exhibit "B"**).

3. State Farm is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business located in the City of Bloomington, State of Illinois.

4. Therefore, State Farm is a citizen of the State of Illinois, and it is not a citizen or corporation of the State of Michigan.

5. Based upon information and belief, at all times material hereto, Co-Plaintiff, Islamic Society of Greater Lansing is a non-profit association with its principal place of business located in East Lansing, Michigan. (Complaint at Paragraph 1, **Exhibit "A"**).

6. Therefore, Islamic Society of Greater Lansing is a citizen of the State of Michigan, and it is  not a citizen or association of the State of Illinois.

7. Based upon information and belief, at all times material hereto, Co-Plaintiff, North American Islamic Trust, despite being named a "trust," is a nonprofit corporation, organized and existing under the laws of the State of Indiana, having its principal place of business located in the City of Plainfield, State of Indiana.

8. Therefore, North American Islamic Trust is a citizen of the State of Indiana, and it is not a citizen or corporation of the State of Michigan.

9. A controversy exists between State Farm and the Plaintiffs, and the amount of controversy in this action is no less than the sum of $258,726.76, exclusive of interest and costs. (Letter regarding damages, **Exhibit "C"**).

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, due to the amount in controversy and the diversity of citizenship of the parties.

11. State Farm is, therefore, entitled to remove the above action from the Ingham

County Circuit Court to this Court pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: May 12, 2026                    P64122

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISLAMIC SOCIETY OF GREATER
LANSING and NORTH AMERICAN
ISLAMIC TRUST,

       Plaintiffs,

v

STATE FARM FIRE AND
CASUALTY COMPANY,

       Defendant.

USDC Case No. 1:26-cv-01564
Hon.

Magistrate Judge

Ingham County Circuit Court
Case No. 26-1238-CK
Hon. Wanda M. Stokes

| | |
|---|---|
| **AMY V. DOUKOURE (P80461)** | **CARY R. BERLIN (P64122)** |
| **CAIR-MI LEGAL FUND** | **PATRICK, JOHNSON & MOTT, P.C.** |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 1905 S. Haggerty Road, Suite 5 | 70 Macomb Place, Suite 224 |
| Canton, Michigan 48188 | Mt. Clemens, Michigan 48043 |
| (248) 559-2247 | (248) 356-8590 |
| adoukoure@cair.com | cberlin@pjmpc.com |

## PROOF OF SERVICE

The undersigned certifies that on **May 12, 2026**, my legal assistant, Courtney A. Pilibosian, a copy of **State Farm's Notice of Removal** and this **Proof of Service** were served to the following:

AMY V. DOUKOURE (P80461)
CAIR-MI LEGAL FUND
Attorneys for Plaintiffs
1905 S. Haggerty Road, Suite 5
Canton, Michigan 48188
*(via first-class mail & e-mail)*

Clerk of the Court
Ingham County Circuit Court
Veterans Memorial Courthouse
313 W Kalamazoo St., 1st Floor
Lansing, MI 48933
*(via-first class mail)*

*Cary R. Berlin*
PATRICK JOHNSON & MOTT, P.C.
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
P64122

4

**EXHIBIT "A"**

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|

**STATE OF MICHIGAN**

30th **JUDICIAL DISTRICT**

Ingham **JUDICIAL CIRCUIT COUNTY**

**SUMMONS**

**CASE NUMBER**

26- 1238 -CK

~~JUDGE WANDA M STOKES~~

**Court address**

313 W Kalamazoo St, 1st Floor, Lansing, MI 48933

Court telephone number

(517) 483-6500

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| ISLAMIC SOCIETY OF GREATER LANSING and NORTH AMERICAN ISLAMIC TRUST, | v | STATE FARM FIRE AND CASUALTY COMPANY<br>One State Farm Plaza<br>Bloomington, IL 61710 |

Plaintiff's attorney bar number, address, and telephone number

CAIR- MI LEGAL FUND                (248) 559-2247

Amy V. Doukoure (P80481

1905 S. HAGGERTY ROAD, SUITE 5

CANTON, MI 48188

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 1 0 2026 | Expiration date*<br>JUN 0 9 2026 | Court clerk<br>SETH GRUBER /WC |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**

SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Summons   (3/23)                                                                    Case Number 26-_____-CK

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served      ☐ personally      ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
|  |  |

| Place or address of service |
|---|
|  |

| Attachments (if any) |
|---|
|  |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                           Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE 30TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF INGHAM

ISLAMIC SOCIETY OF GREATER
LANSING and NORTH AMERICAN
ISLAMIC TRUST,

Plaintiffs,

**JUDGE WANDA M. STOKES**

v.

Case No. 26- **|2 3 8**    -CK

STATE FARM FIRE AND CASUALTY
COMPANY,

Defendant.

---

**CAIR-MI LEGAL FUND**
**BY: AMY V. DOUKOURE (P80461)**
Attorneys for Plaintiffs
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

---

## COMPLAINT

NOW COMES Plaintiffs ISLAMIC SOCIETY OF GREATER LANSING and NORTH AMERICAN ISLAMIC TRUST, by and through their counsel, CAIR-MI Legal Fund, by Amy V. Doukoure, Esq., and in support of the Complaint against Defendant STATE FARM FIRE AND CASUALTY COMPANY, states as follows:

## THE PARTIES

1.    Plaintiff Islamic Society of Greater Lansing ("Islamic Society") is a religious and non-profit association with its principal place of business located at 920 South Harrison Road, East Lansing, Michigan 48823. The Islamic Society is the owner and operator of the real property that is the subject of this action.

2.    Plaintiff North American Islamic Trust (NAIT), is a national nonprofit organization that holds title to various Islamic properties across the United States, including the real property located in Ingham County, Michigan, that is the subject of this action. NAIT brings this action jointly with the Islamic Society as a co-owner or equitable titleholder.

1

3.     Defendant State Farm Fire and Casualty Company ("Defendant") is an insurance company organized under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. Defendant is authorized to conduct business in the State of Michigan and may be served with process at its registered office or via its designated agent for service of process. Correspondence concerning the claim at issue in this case has been directed to a mailing address in Atlanta, Georgia.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to MCL 600.715(1) and (4) because Defendant is authorized to do business in the State of Michigan and, at all relevant times, transacted business in Michigan by issuing and delivering the insurance policy at issue for a risk located in Michigan.

5.     Venue is proper in the 30th Judicial Circuit Court, Ingham County, Michigan, under MCL 600.1621(a) because Defendant conducts business in Ingham County and the insured real property that is the subject of this action is located in Ingham County.

## NATURE OF ACTION

6.     This is an action for Declaratory Judgment, Breach of Contract, Statutory Fire Insurance Coverage, Statutory Penalty Interest, and such other relief as the Court deems just and proper.

## STATEMENT OF FACTS

7.     Plaintiff NAIT holds legal title to the real property located at 920 South Harrison Road, East Lansing, Michigan 48823 (the "Property"), which it holds in trust for the benefit of the local Muslim community. Plaintiff Islamic Society is the equitable and beneficial owner and operator of the Property, which it uses as a mosque and Islamic school.

8.     At all relevant times, Plaintiffs NAIT and Islamic Society ("Plaintiffs") collectively maintained an insurable interest in the Property and were named insureds or

2

additional insureds under the Policy issued by Defendant. Plaintiffs jointly seek coverage for the loss at issue in this Complaint.

9. At all relevant times, Defendant issued and delivered to Plaintiffs a Religious Organization/Businessowners Insurance Policy, Policy No. 92-BP-M895-8 (the "Policy"), covering the Property against accidental direct physical loss, subject to terms, exclusions, and endorsements.

10. The Policy includes, inter alia, the Businessowners Coverage Form CMP-4100 and the Religious Organization Endorsement CMP-4657. The true and correct copies of the relevant policy documents, including the Renewal Declarations, are attached hereto as **Exhibit A-C**.

11. The Policy contains exclusions for water damage, including continuous or repeated seepage or leakage over 14 days. However, the Policy expressly restores coverage where such water causes an accidental direct physical loss by fire, explosion, or sprinkler leakage, stating:

> "But if Water, as described in Paragraphs (1) through (5), results in accidental direct physical loss by fire, explosion or sprinkler leakage, we will pay for the loss caused by that fire, explosion or sprinkler leakage."
>
> (Policy SECTION – I EXCLUSIONS 1(h)).

12. The Policy also contains a "Legal Action Against Us" clause limiting suit to two years from the date of direct physical loss, and is subject to MCL 500.2833, which mandates that Michigan fire insurance policies provide at least actual cash value coverage for covered fire damage.

13. Beginning in approximately 2020, during the COVID-19 shutdown, Islamic Society noticed unusually high water bills despite minimal use of the facility. In response, Islamic Society engaged in extensive efforts to determine the cause, including hiring

professional plumbers, replacing toilets and water meters, and consulting with municipal water authorities. At that time, no leak was visible, and no damage was apparent.

14. On or about March 5, 2025, personnel at the Property noticed smoke emanating from electrical cabinets in the basement. Emergency services were contacted, the building was evacuated, and utility power was disconnected.

15. Inside the basement electrical room, personnel found extreme heat and steam. Opening the cabinets revealed corrosion and standing water on energized electrical components. The water intrusion caused electrical arcing, overheating, ignition, and significant fire damage to electrical systems.

16. Islamic Society promptly reported the loss to Defendant, which opened Claim No. 22-81K3-88V. A reservation-of-rights letter was issued on or about March 11, 2025. A true and correct copy of the Reservation-of-Rights Letter is attached hereto as **Exhibit D**.

17. Following the incident, Islamic Society and its contractors, working with the City of East Lansing, excavated the parking area and traced the water intrusion to a concealed pipe failure behind the wall of the mosque's men's bathroom, where a pressurized supply line had ruptured within an interstitial wall cavity.

18. Water from this pipe migrated beneath the slab, through gaps in the foundation, entered underground electrical conduits, and ultimately reached and damaged energized basement electrical cabinets, causing the fire event.

19. Defendant retained Nederveld, Inc., ("Nederveld") whose report dated July 1, 2025, confirmed that the concealed pipe rupture led to water entering underground conduits and contributing to the electrical failure and fire. A true and correct copy of Nederveld's Forensic Engineering Report (the "Report") is attached hereto as **Exhibit E**.

20. Despite confirming these findings, Defendant denied the claim in a letter dated July 10, 2025, citing exclusions for continuous seepage, underground water, and earth

4

movement, while quoting but disregarding the carve-back for fire losses. A true and correct copy of Defendant's denial letter is attached hereto as **Exhibit F**.

21. The denial letter fails to acknowledge that, under both the Policy and Michigan law, losses caused by fire resulting from otherwise excluded water events remain expressly covered.

22. Plaintiffs had paid all premiums and complied with all condition precedent to coverage, including reporting the loss, cooperating with the investigation, and taking prompt and reasonable steps to mitigate further damage.

23. Defendant's denial ignores the operative facts and fails to give effect to the fire carve-back clause, which expressly reinstates coverage for losses caused by fire, even if water seepage or leakage initiated the chain of events.

24. Under Michigan's doctrine of proximate cause, the fire constitutes the immediate and efficient cause of the damage, and therefore is the covered peril, regardless of the initial presence of water.

25. Additionally, MCL 500.2833 independently requires that the Policy provide coverage for the actual cash value of the Property at the time of the fire loss.

26. Plaintiffs are entitled to recover for fire-related damage, including but not limited to loss of or damage to electrical systems and cabinets, smoke and heat damage, and costs related to access, tear-out, and restoration necessary to remediate the covered loss.

27. Defendant may attempt to exclude costs related to water-only damage such as corrosion not caused by fire, or pipe repair, but such exclusions do not extend to the fire damage itself.

28. As a direct and proximate result of Defendant's denial of coverage, Plaintiffs have suffered significant uninsured losses to real and personal property, as well as potential additional damages recoverable under law.

5

## COUNT I
## BREACH OF CONTRACT

29.    Plaintiffs reaffirm and reiterate all allegations above as if fully repeated and are incorporated herein verbatim.

30.    The Policy constitutes a valid and enforceable contract between Plaintiffs and Defendant under which Defendant agreed, subject to the Policy's terms, conditions, exclusions, and limitations, to insure the Property against accidental direct physical loss, including loss caused by fire and resulting electrical damage.

31.    Under the Businessowners Coverage Form CMP-4100 and associated endorsements, Defendant agreed to insure against accidental direct physical loss to covered property, unless a specific exclusion or limitation applies.

32.    The March 5, 2025 incident caused accidental direct physical loss to the Property, including but not limited to fire- and electrical-related damage to electrical cabinets and equipment in the basement electrical room.

33.    Plaintiffs satisfied all conditions precedent to coverage under the Policy by:

a)    paying all premiums due;

b)    promptly reporting the March 5, 2025 loss;

c)    cooperating fully with Defendant's investigation;

d)    permitting multiple inspections;

e)    providing all required information concerning the cause and extent of the damage, and

f)    taking reasonable steps to mitigate further damage.

34.     Plaintiffs became entitled to the payment of insurance benefits under the Policy for the March 5, 2025 loss, including at least the actual cash value of the fire- and electrical-related damage, and additional replacement-cost benefits as provided by the Policy.

35.     Despite Plaintiffs' full compliance with all applicable Policy conditions and Plaintiffs' demand for coverage, Defendant denied coverage for the March 5, 2025 loss and refused to pay any benefits under the Policy.

36.     Defendant's denial improperly relied on exclusions for water damage and seepage, but failed to give effect to the Policy's carve-back provision, which explicitly restores coverage for loss caused by fire resulting from such excluded water events.

37.     Defendant's refusal to acknowledge, adjust, or pay for the covered fire-related loss constitutes a material breach of its contractual obligations under the Policy.

38.     As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages, including but not limited to unpaid covered losses, consisting of at least the actual cash value of the fire- and electrical-related damage and other insured losses, along with consequential damages as permitted by Michigan law.

**Relief Requested on Count I**: Plaintiffs Islamic Society of Greater Lansing and North American Islamic Trust respectfully requests that the Court enter a judgment in their favor and against Defendant State Farm Fire and Casualty Company, award all unpaid Policy benefits arising from the March 5, 2025 loss, including the actual cash value of the covered fire- and electrical-related damage and any replacement-cost benefits due under the Policy, award costs, interest as allowed by law, and grant such other and further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF MCL 500.2833**
**(Statutory Fire Insurance Coverage)**

7

39.     Plaintiffs reaffirm and reiterate all allegations above as if fully repeated and are incorporated herein verbatim.

40.     Defendant issued and delivered the Policy in the State of Michigan to insure the Property against loss, including loss caused by fire.

41.     The Policy constitutes a fire insurance policy within the meaning of MCL 500.2833, because it insures real property located in Michigan against direct loss by fire.

42.     Under MCL 500.2833(1)(a), every fire insurance policy issued or delivered in Michigan must, at a minimum, provide coverage for the actual cash value of the property at the time of the loss, subject to other lawful policy provisions.

43.     Pursuant to MCL 500.2833(1)(b) and MCL 500.2833(2), every fire insurance policy must also provide coverage for direct loss by fire and include coverage no less favorable than that contained in the standard fire policy, which is incorporated into the Policy as a matter of law.

44.     As a result, MCL 500.2833 statutorily reforms the Policy, requiring it to provide at least actual cash value coverage for direct loss by fire to the building and its fixtures, regardless of any contrary or inconsistent Policy language.

45.     On or about March 5, 2025, the Property sustained a direct loss by fire within the meaning of MCL 500.2833, including fire- and electrical-related damage to electrical cabinets and associated electrical equipment in the basement electrical room, when water contacted energized electrical components and caused electrical arcing, overheating, and burning.

46.     Plaintiffs satisfied all conditions precedent to recovery for the March 5, 2025 fire loss, including payment of all premiums, prompt notice of loss, cooperation with Defendant's investigation, and mitigation of damages.

8

47. To the extent Defendant relies on any Policy exclusion or limitation to deny or restrict coverage for the direct loss by fire, including exclusions related to water, seepage, earth movement, or subsurface water, such provisions are superseded and rendered unenforceable to the extent they conflict with the minimum fire coverage mandated by MCL 500.2833.

48. Despite the statutory requirements imposed by MCL 500.2833, Defendant denied coverage for the March 5, 2025 fire loss in its July 10, 2025 denial letter, and refused to pay Plaintiffs at least the actual cash value of the fire- and electrical-related damage to the building, its fixtures, and other covered property.

49. Defendant's refusal to provide at least the statutory minimum coverage for direct loss by fire constitutes a violation of MCL 500.2833 and a failure to provide the coverage required by law and incorporated into the Policy.

50. As a direct and proximate result of Defendant's statutory violation, Plaintiffs have suffered damages, including but not limited to the unpaid actual cash value of the fire- and electrical-related damage to the Property.

**Relief Requested on Count II:** Plaintiffs Islamic Society of Greater Lansing and North American Islamic Trust respectfully requests that the Court enter judgment in their favor and against Defendant State Farm Fire and Casualty Company:

a) declare that MCL 500.2833 requires the Policy to provide at least actual cash value coverage for the March 5, 2025 direct loss by fire;

b) declare that any Policy provision that purporting to eliminate or restrict that minimum statutory fire coverage is unenforceable and reformed by operation of law;

c) order Defendant to pay Plaintiffs at least the actual cash value of the fire- and electrical-related damage to the Property and other covered items resulting from the March 5, 2025 fire;

9

d)     award costs, interest, and such other relief as permitted by law; and

e)     grant such further relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF MCL 500.2006
(Statutory Penalty Interest for Untimely Payment)

51.     Plaintiffs reaffirm and reiterate all allegations above as if fully repeated and are incorporated herein verbatim.

52.     Plaintiffs are insured or persons directly entitled to benefits under the Policy for the covered March 5, 2025 loss.

53.     MCL 500.2006(1) requires insurers to pay benefits provided under an insurance policy on a timely basis, and MCL 500.2006(4) provides that when benefits are not timely paid, the insurer must pay simple interest at 12% per annum on the overdue amount.

54.     Pursuant to MCL 500.2006(3), benefits are timely paid only if Defendant either:

a)     Pays them within 60 days after receiving satisfactory proof of loss, or

b)     Requests in writing additional information constituting satisfactory proof within 30 days of receiving the claim.

55.     Plaintiffs submitted a claim to Defendant for the March 5, 2025 fire loss. Defendant opened Claim No. 22-81K3-88V, investigated the loss, retained forensic engineers, received Exhibit E, expert report, and issued a reservation-of-rights letter, Exhibit D, followed by a written denial dated July 10, 2025, Exhibit F.

56.     Before July 10, 2025, Plaintiffs had provided Defendant with satisfactory proof of loss, including documentation and expert findings establishing the cause, nature, and extent of fire- and electrical-related damage to covered property.

10

57.     More than 60 days have elapsed since Defendant received satisfactory proof of loss, and Defendant has refused to pay any benefits for the March 5, 2025 loss.

58.     Accordingly, Defendant did not timely pay benefits within the meaning of MCL 500.2006(3)–(4) and is obligated to pay statutory interest at 12% per annum from 60 days after it received satisfactory proof of loss until the date it pays all overdue amounts.

59.     Defendant's failure and refusal to pay benefits on a timely basis has directly caused Plaintiffs to lose the time value of the benefits owed, and entitles them to statutory penalty interest under under MCL 500.2006(1), (3), and (4).

**Relief Requested on Count III**: Plaintiffs Islamic Society of Greater Lansing and North American Islamic Trust respectfully request that the Court,

   a) Determine that Defendant failed to pay benefits on a timely basis for the March 5, 2025 loss, within the meaning of MCL 500.2006(3) and (4);

   b) Award Plaintiffs statutory penalty interest at 12% per annum on all overdue benefits from a date 60 days after Defendant received satisfactory proof of loss until the payment is made;

   c) Award costs, and such other relief as the Court deems just and proper.

## COUNT IV
## DECLARATORY JUDGMENT

60.     Plaintiffs reaffirm and reiterate all allegations above as if fully repeated and are incorporated herein verbatim.

61.     An actual, present, and justiciable controversy exists between Plaintiffs and Defendant concerning the existence, scope, and extent of coverage under the Policy for the the March 5, 2025 loss at the insured Property.

62.     Plaintiffs contend that the March 5, 2025 incident caused accidental direct physical loss, including fire- and electrical-related damage to the electrical cabinets and associated systems in the basement electrical room, and that such damage is covered under the

11

Policy, either directly or under the Policy's fire loss carve-back clause and statutory fire coverage requirements.

63.     Defendant contends that the March 5, 2025 loss falls within one or more Policy exclusions, including those for water, earth movement, and continuous or repeated seepage or leakage, and on that basis has denied all coverage and refused to pay any benefits.

64.     Plaintiff, as insureds with a direct and substantial interest in the covered Property, have a legally protected interest in obtaining a judicial declaration of the parties' respective rights and obligations under the Policy.

65.     Defendant, as the issuer of the Policy and the party denying coverage, has a corresponding legal interest in the adjudication of its obligations under the Policy and Michigan law.

66.     A declaratory judgment will resolve the parties' dispute over the interpretation and application of the Policy, including its exclusions, fire carve-back provisions, and statutory minimum fire coverage, and will guide the parties' conduct with respect to claim adjustment, payment, and compliance with legal obligations.

67.     Under MCR 2.605(A)(1), this Court has authority to declare the rights and legal relations of the parties in the context of this actual controversy.

68.     Plaintiffs seek a declaration that:

a) The March 5, 2025 incident caused accidental direct physical loss to the Property, including fire- and electrical-related damage to the electrical cabinets and associated equipment, within the meaning of the Policy's Coverage Form;

b) The Policy's exclusions for water, earth movement, and continuous or repeated seepage or leakage do not eliminate coverage for the resulting fire- and electrical-related damage caused when water contacted energized electrical components and caused arcing, overheating, and ignition;

12

c) The Policy's carve-back provision requiring coverage for loss caused by fire resulting from otherwise excluded causes applies to the March 5, 2025 incident and mandates payment for the resulting fire damage;

d) Because the Policy is a fire insurance policy issued in Michigan, it is subject to MCL 500.2833, which requires the Policy to provide at least actual cash value coverage for direct loss by fire, and Defendant may not enforce any Policy language that purports to reduce or eliminate that statutory coverage;

e) Plaintiffs satisfied all conditions precedent to coverage for the March 5, 2025 loss, including timely notice, premium payments, cooperation with investigation, mitigation, and provision of documentation;

f) Defendant is obligated under the Policy and Michigan law to determine, adjust, and pay at least the actual cash value of the covered fire- and electrical-related damage, and to pay additional replacement cost benefits as applicable under the Policy.

**Relief Requested on Count IV**: Plaintiffs Islamic Society of Greater Lansing and North American Islamic Trust respectfully request that the Court enter a declaratory judgment in their favor and against Defendant State Farm Fire and Casualty Company, declaring that:

a) The March 5, 2025 incident at the insured Property caused accidental direct physical loss within the meaning of the Policy, including fire- and electrical-related damage to the electrical cabinets and associated electrical systems;

b) The Policy's exclusions for water, earth movement, and continuous or repeated seepage or leakage of water do not eliminate coverage for the fire and electrical damage that occurred when water contacted energized equipment and caused arcing, overheating, and burning;

13

c) The Policy's fire loss carve-back provision requires Defendant to pay for loss caused by fire that results from otherwise excluded causes, and that this provision applies to the March 5, 2025 loss;

d) Pursuant to MCL 500.2833, the Policy is required to provide at least actual cash value coverage for direct loss by fire to the building and its fixtures, and any Policy provision that purports to restrict or eliminate this statutory fire coverage is unenforceable;

e) Plaintiffs satisfied all conditions precedent to coverage under the Policy, including timely premium payments, prompt notice of loss, cooperation with the investigation, mitigation of further damage, and submission of satisfactory proof of loss;

f) Defendant is obligated to adjust and pay at least the actual cash value of the covered fire- and electrical-related damage, and to pay additional replacement-cost benefits as provided by the Policy

and further requests that the Court:

g) Award Plaintiffs their costs and statutory interest as permitted by law; and

h) Grant such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF (ALL COUNTS)

WHEREFORE, Plaintiffs Islamic Society of Greater Lansing and North American Islamic Trust respectfully request that this Court enter judgment in their favor and against Defendant State Farm Fire and Casualty Company, granting the relief specified above, together with costs, interest as allowed by law, and such other relief as is just and equitable.

Dated the 4th day of ~~December~~ March 2026

Respectfully Submitted,

14

CAIR-MI LEGAL FUND

By: /s/
Amy V. Doukoure (P80461)
Attorney for Plaintiffs
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com

15



**CAIR**
MICHIGAN

Council on American Islamic Relations
Michigan Chapter
1905 Haggerty Rd. Suite #5
Canton, MI 48188

CERTIFIED MAIL

7019 0160 0000 9744 5256

Retail



RDC 99

48911

U.S. POSTAGE PAID
FCM LG ENV
CANTON, MI 48187
APR 21, 2026

$12.14

S2324A502472-4

**EXHIBIT "B"**

Case 1:26-cv-01564 ECF No. 1, PageID.25 Filed 05/12/26 Page 25 of 28

# USPS Tracking®

**FAQs >**

**Tracking Number:**

**Remove ✕**

## 70190160000097445256

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was picked up at the post office at 10:42 am on April 27, 2026 in LANSING, MI 48924.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, Individual Picked Up at Post Office**

LANSING, MI 48924
April 27, 2026, 10:42 am

**Out for Delivery**

LANSING, MI 48911
April 27, 2026, 8:23 am

**Arrived at Post Office**

LANSING, MI 48924
April 27, 2026, 8:12 am

**In Transit to Next Facility**

April 26, 2026

**Arrived at USPS Regional Destination Facility**

LANSING MI DISTRIBUTION CENTER
April 24, 2026, 1:44 am

**Arrived at USPS Regional Destination Facility**

GRAND RAPIDS MI DISTRIBUTION CENTER

Feedback

April 22, 2026, 11:05 am

**Arrived at USPS Regional Facility**

PONTIAC MI DISTRIBUTION CENTER
April 21, 2026, 9:53 pm

**Departed Post Office**

CANTON, MI 48187
April 21, 2026, 5:33 pm

**USPS in possession of item**

CANTON, MI 48187
April 21, 2026, 1:19 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates                                          ⌄

USPS Tracking Plus®                                           ⌄

Product Information                                           ⌄

See Less ⌃

Track Another Package

| Enter tracking or barcode numbers |

# Need More Help?

Contact USPS Tracking support for further assistance.

| **FAQs** |

**EXHIBIT "C"**

*Clair Lindemann*
*1232 C Turner*
*Lansing, Michigan  48906*
*517-204-6579*
*clindc3449@comcast.net*

April 17, 2025

State Farm Insurance.

Claim  # 22-81K3-88V

Policy holder:

Islamic Society of Greater Lansing
920 S Harrison Rd
East Lansing, Mi

Mr. Mike Brimhall

The final calculations for our claim # 22-81K3-88V with State Farm Insurance. These calculations request compensation for the losses at $258,726.76.  This includes a service repair related cost of $8,406.70 to replace a motor, on a HVAC unit, discovered after full power was restored.

I have also attached additional related photos.

We were able to reduce the total from $317,570,.25 which was proposed in the letter dated march 19, 2025

If you have any questions regarding this claim please call

Clair Lindemann